1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    CLINTON VALES,                          CASE NO. 1:09-cv-2164-MJS (PC)

10                        Plaintiff,          ORDER TO SHOW CAUSE FOR FAILURE
                                             TO PROSECUTE
11          v.

12    DR. CHEN, et al.,                       PLAINTIFF MUST SHOW CAUSE BY
                                             SEPTEMBER 6, 2010
13                        Defendants.

14

15    _____/

16          Plaintiff Clinton Vales is a state prisoner proceeding pro se and in forma pauperis

17    in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to the

18    Magistrate Judge presiding over this action.  (ECF No. 5.)  On April 16, 2010, the Court

19    mailed to the Plaintiff's last known address an order reassigning this case.  (ECF No. 6.)

20    The order was returned as undeliverable on May 3, 2010.

21          A party appearing in propria persona is required to keep the Court apprised of his

22    or her current address at all times.  Local Rule 83-183(b) provides, in pertinent part:

23                  If mail directed to a plaintiff in propria persona by the Clerk is
                    returned by the U.S. Postal Service, and if such plaintiff fails to
24                  notify the Court and opposing parties within sixty (60) days
                    thereafter of a current address, the Court may dismiss the
25                  action without prejudice for failure to prosecute.

26    In the instant case, more than sixty days have passed since Plaintiff's mail was returned

27    and Plaintiff has not notified the Court of a current address.

28          In determining whether to dismiss an action for lack of prosecution, the Court must

consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).   The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address.  The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, Plaintiff is ORDERED to show cause not later than **September 6, 2010** as to why his case should not be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:    August 4, 2010          /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE