UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON VALES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-02164-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE AUGUST 15, 2011 |

## **SCREENING ORDER**

I.   **PROCEDURAL HISTORY**

On December 14, 2009, Plaintiff Clinton Vales, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5). Plaintiff's Complaint is before the Court for screening.

II.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
2  relief may be granted, or that seek monetary relief from a defendant who is immune from
3  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
4  thereof, that may have been paid, the court shall dismiss the case at any time if the court
5  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
6  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7  Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
8  or immunities secured by the Constitution and laws' of the United States."  Wilder v.
9  Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983
10 is not itself a source of substantive rights, but merely provides a method for vindicating
11 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

12 To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
13 a right secured by the Constitution or laws of the United States was violated and (2) that
14 the alleged violation was committed by a person acting under the color of state law.  See
15 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
16 (9th Cir. 1987).

17 A complaint must contain "a short and plain statement of the claim showing that the
18 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
19 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
20 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
21 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set
22 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
23 face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant
24 committed misconduct and, while factual allegations are accepted as true, legal
25 conclusions are not.  Id. at 1949-50.

26 ////
27 ////
28 ////

### III. PLAINTIFF'S CLAIMS

Plaintiff alleges the following:

On August 21, 2009, his medication, Gabapentin, expired. (Compl. at 3). Dr. Papel refused to renew Plaintiff's Gabapentin prescription. (Id.) In October 2009, Plaintiff underwent knee surgery to remove bone fragments and treat arthritis diagnosed years earlier. (Id.) He had a follow-up appointment and underwent physical therapy. (Compl. at 2). His treatment has been unsuccessful. Plaintiff is currently being denied medication and proper medical treatment for his knee pain. (Id.) The Complaint identifies the following entities and individuals as defendants in this action: Kern Valley State Prison, California Department of Corrections and Rehabilitation Health Department, Dr. Chen[1], Dr. Papel, and D. Tarnoff, Appeals Coordinator, KVSP. (Compl. at 1 and 3).

Plaintiff is alleging that the Defendants violated his Eighth Amendment rights by denying him adequate medical care. The Court will address the merits of that claim below.

#### A. State Agencies as Defendants

Plaintiff names Kern Valley State Prison (KVSP) and the California Department of Corrections and Rehabilitation (CDCR) Health Department as Defendants in this action. (Id.)

"State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989)). The CDCR is a state agency. KVSP and the CDCR's Health Department are both fixtures of the CDCR and are therefore also not persons for the purposes of a Section 1983 action. See King v. Avenal State Prison, 2009 WL 546212, *3 (E.D. Cal. Mar. 4, 2009). Because a necessary element of a successful Section 1983 claim is that a "person" has violated the plaintiff's constitutional rights, and KVSP and the CDCR Health Department are not

---

[1] On September 1, 2010, Plaintiff moved to dismiss his claims against Dr. Chen. (ECF No. 12). The Court has yet to rule on Plaintiff's motion. If Plaintiff chooses to file an amended complaint, he is free to omit Dr. Chen as a Defendant.

"persons", Plaintiff cannot state a Section 1983 claim against these two Defendants.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, [u]nder the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Id. at 1025-26; see also Brown v. Cal. Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against KVSP and the CDCR Health Department. Because amendment of this claim would be futile, the Court will dismiss Plaintiff's claim against KVSP and the CDCR Health Department without leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**B.     Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff does not mention how Defendant Tarnoff personally acted to violate his constitutional rights. Aside from being listed as a defendant and being identified as an appeals coordinator at KVSP, Tarnoff is not mentioned in the Complaint. Plaintiff alleges no facts suggesting that Defendant Tarnoff is connected to the constitutional violations.

A defendant in a § 1983 action must be linked to the alleged violation with some affirmative act or omission. Plaintiff asserts that giving him a follow-up appointment and physical therapy reflected a partial grant of his appeal, but that his medication was still being denied (Compl. at 2). This could suggest a desire to complain against Appeals Coordinator Tarnoff for not fully granting his appeal; however, the Complaint does not contain allegations that would support such a claim and the Court will not speculate as to Plaintiff's intent.

The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim against Defendant Tarnoff, Plaintiff must set forth sufficient truthful facts to show that the Defendant <u>personally</u> took some action that violated Plaintiff's constitutional rights. The mere fact that, as appeals coordinator, Defendant Tarnoff may have acted contrary to Plaintiff's wishes is not enough.

### C. Eighth Amendment

Plaintiff claims that he was deprived adequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

1    Deliberate indifference is shown by "a purposeful act or failure to respond to a
2 prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439
3 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of
4 the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the
5 named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . .
6 ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

7    Plaintiff alleges that he had arthritis in his knee for at least two years. (Compl. at 3).
8 He had surgery to relieve the arthritis symptoms, but it did not relieve his knee pain. His
9 medication prescription expired before the surgery and no medication has been prescribed
10 since the surgery. (Id.)

11    The Court finds that the Complaint states a serious medical condition and thereby
12 satisfies the first prerequisite to an Eighth Amendment claim. See Williams v. Rohlfing,
13 2008 WL 2115615, *9 (E.D. Cal. May 19, 2008); see also McGuckin, 947 F.2d at 1059-60
14 ("The existence of an injury that a reasonable doctor or patient would find important and
15 worthy of comment or treatment; the presence of a medical condition that significantly
16 affects an individual's daily activities; or the existence of chronic and substantial pain are
17 examples of indications that a prisoner has a 'serious' need for medical treatment.")

18    The Court finds otherwise with respect to the second prong of the deliberate
19 indifference analysis. Plaintiff underwent knee surgery, had a follow up appointment, and
20 then underwent physical therapy. (Compl. at 2 and 3). Such treatment is not consistent
21 with "deliberate indifference". Plaintiff's Eighth Amendment claim appears to rests solely
22 on the withholding of medication. That reflects an alleged Eighth Amendment violation
23 based on dissatisfaction with the course of treatment chosen by his doctors. "'[A]
24 difference of opinion between a prisoner-patient and prison medical authorities regarding
25 treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120,
26 *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.
27 1981). "[A] complaint that a physician has been negligent in diagnosing or treating a
28 medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Accordingly, the Court finds that Plaintiff has failed to state a claim for deliberate indifference to a serious medical need. The Court will give Plaintiff leave to amend his complaint with regard to alleged inadequate medical care. In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing that the treatment he received was medically unacceptable and that his doctor's chose such treatment in conscious disregard of an excessive risk to Plaintiff's health. The fact that Plaintiff disagrees with the care he was provided does not show a constitutional violation.

## IV.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint filed December 14, 2009;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by **August 15, 2011**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   July 12, 2011                        /s/ *Michael J. Seng*
ci4d6                                         UNITED STATES MAGISTRATE JUDGE