# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON VALES,<br><br>        Plaintiff,<br><br>  v.<br><br>DR. CHEN, et al.,<br><br>        Defendants.<br>_____/ | 1:09-cv-02164-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT<br><br>(ECF No. 14)<br><br>CLERK SHALL CLOSE CASE |

      Plaintiff Clinton Vales ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to jurisdiction by a Magistrate Judge.  (ECF No. 5.)

      Plaintiff initiated this action on December 14, 2009. (ECF No. 1.)  On July 13, 2011, the Court screened Plaintiff's Complaint, and found that it failed to state a claim.  (ECF No. 14.)  The Court gave Plaintiff leave to amend, and Plaintiff was to file an amended complaint by August 15, 2011. (ECF No. 14.)  This deadline has passed and Plaintiff has failed to file an amended complaint or otherwise respond.

      The Court's July 13, 2011 Order was returned by the U.S. Postal Service as undeliverable to Plaintiff.  Over 63 days have passed and Plaintiff has not provided the Court with a new address or otherwise responded.

      Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63)

> days thereafter of a current address, the Court may dismiss
> the action without prejudice for failure to prosecute.

In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Plaintiff's failure to respond or otherwise proceed with this action constitutes a lack of prosecution.

In determining whether to dismiss an action for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no

lesser sanction is feasible.

Accordingly, the Court hereby ORDERS that this action be dismissed with prejudice due to Plaintiff's failure to state a claim (ECF No. 14) and for Plaintiff's failure to prosecute this action. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

Dated:   October 14, 2011              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE